BONNIST & CUTRO, LLP
31 Purchase Street, Suite 3-1
Rye, New York 10580
Tel: (914) 921-4820
*Attorneys for Defendants,*
*Corstar Business Computing Co., Inc.*
*and John F. Sitar*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CORSTAR COMMUNICATIONS, LLC,

        Plaintiff,                                    Case No.: 07 CV 4101 (WP4) (MDF)

    -against-                               **ANSWER**

CORSTAR BUSINESS COMPUTING CO., INC
and JOHN F. SITAR,

        Defendants.
-------------------------------------------------------X

        Defendants Corstar Business Computing Co., Inc. ("Corstar Business") and John F. Sitar ("Sitar"), through their attorneys, Bonnist & Cutro, LLP, as and for their answer to the complaint of plaintiff Corstar Communications, LLC, hereby states as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 6 and 7 of the complaint.

2. Admit the allegations contained in paragraphs 8, 9, 10, 11, 12 and 13 of the complaint.

### ANSWERING COUNT ONE

3. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 13 of the complaint as same are realleged in paragraph 14 of the complaint.

4. Deny each and every allegation contained in paragraph 15 of the complaint except admit that in May 2002 a settlement was reached between defendant Corstar and its major creditors.

5. Admit the allegations contained in paragraph 16 of the complaint to the extent of the existence of the referenced agreement and refer this Court to the Exhibit for a more accurate and complete statement of its content.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

7. Deny each and every allegation contained in paragraph 18 of the complaint except admit that plaintiff was granted an option to convert pursuant to specified conditions.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

9. Deny each and every allegation contained in paragraph 20 of the complaint except admit that plaintiff, upon certain conditions, was entitled to acquire by conversion under Article VII of the LOC by calculating the total amount of the advances as a percentage of the issued and outstanding shares of defendant Corstar Business.

10. Deny each and every allegation contained in paragraphs 21, 22, 23 and 24 of the complaint.

11. Deny each and every allegation contained in paragraph 25 of the complaint except admit that Defendant Corstar, as seller, and plaintiff, as purchaser, entered into the APA under conditions which render the agreement voidable.

12. Deny each and every allegation contained in paragraph 26 of the complaint.

13. Admit the allegations contained in paragraphs 27, 28, 29 and 30 of the complaint.

14. Deny each and every allegation contained in paragraph 31 of the complaint.

15. Deny each and every allegation contained in paragraphs 32, 33, 34, 35, 36 and 37 of the complaint.

## ANSWERING COUNT TWO

16. Defendant repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 37 of the complaint as same are realleged in paragraph 38 of the complaint.

17. Deny each and every allegation contained in paragraph 39 of the complaint.

## ANSWERING COUNT THREE

18. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 39 of the complaint as same are realleged in paragraph 40 of the complaint.

19. Deny each and every allegation contained in paragraph 41 of the complaint.

20. Admit the allegations contained in paragraph 42 of the complaint.

21. Deny each and every allegation contained in paragraph 43 of the complaint.

22. Admit the allegations contained in paragraph 44 of the complaint to the extent they constitute "shareholder distributions".

23. Deny each and every allegation contained in paragraphs 45, 46 and 47 of the complaint.

## ANSWERING COUNT FOUR

24. Defendant repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 47 of the complaint as same are realleged in paragraph 48 of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the complaint and respectfully refer all issues of law to the Court for determination.

26. Deny each and every allegation contained in paragraphs 50, 51, 52, 53 and 54 of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 55 and 56 of the complaint.

28. Deny each and every allegation contained in paragraphs 57 and 58 of the complaint.

## ANSWERING COUNT FIVE

29. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 58 of the complaint as same are realleged in paragraph 59 of the complaint.

30. Admit the allegations contained in paragraph 60 of the complaint and respectfully refer this Court to the referenced document for a more accurate and complete statement of its content.

31. Deny each and every allegation contained in paragraphs 61, 62 and 63 of the complaint.

## ANSWERING COUNT SIX

32. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 63 of the complaint as same are realleged in paragraph 64 of the complaint.

33. Deny each and every allegation contained in paragraphs 65, 66, 67, 68, 69, 70 and 71 of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the complaint.

35. Deny each and every allegation contained in paragraphs 73, 74, 75, 76, 77, 78, 79, 80, 81 and 82 of the complaint.

## ANSWERING COUNT SEVEN

36. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 82 of the complaint as same are realleged in paragraph 83 of the complaint.

37. Deny each and every allegation contained in paragraphs 84, 85, 86, 87 and 88 of the complaint.

## ANSWERING COUNT EIGHT

38. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 88 of the complaint as same are realleged in paragraph 89 of the complaint.

39. Admit the allegations contained in paragraphs 90 and 91 of the complaint and respectfully refer this Court to the referenced document for a more accurate and complete statement of its content.

40. Admit the allegations contained in paragraphs 92 and 93 of the complaint.

41. Deny each and every allegation contained in paragraphs 94, 95, 96, 97 and 98 of the complaint.

## ANSWERING COUNT NINE

42. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 98 of the complaint as same are realleged in paragraph 99 of the complaint.

43. Deny each and every allegation contained in paragraph 100 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44. Plaintiff fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred by reason of its commission of fraud in connection with the APA.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

48. The APA is voidable by reason of unilateral mistake.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

49. Defendants owe no fiduciary duty to plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred by its breach of the APA agreement.

**WHEREFORE,** Defendants, Corstar Business Computing Co., Inc. and John F. Sitar, respectfully request that the complaint be dismissed in its entirety and that defendants be awarded such further relief as this Court deems just and appropriate.

Dated: June 27, 2007
      Rye, New York

                                       Bonnist & Cutro, LLP

                                       By: Craig M. Bonnist (CB3245)
                                          31 Purchase Street, Suite 3-1
                                          Rye, New York 10580
                                          (914) 921-4820
                                          *Attorneys for defendants*

TO:
Gregg S. Baker, Esq.
Corrigan & Baker, LLC
1311 Mamaroneck Avenue, Suite 215
White Plains, New York 10605