# BONNIST & CUTRO, LLP
## ATTORNEYS AT LAW

Craig M. Bonnist*
James J. Cutro*

Of Counsel:
Amanda M. Fugazy+
Michael T. Shilinski+

* Admitted in NY & NJ
+ Admitted in NY

31 Purchase Street, Suite 3-1
Rye, New York 10580
Tel   (914) 921-4820
Fax  (914) 921-4823
e-mail:cbonnist@bcfirm.com

New York City
444 Madison Avenue, Suite 805
New York, NY 10022
(212) 750-5233

New Jersey
1199 Route 22 East, Suite 304
Mountainside, NJ 07092
(908) 408-5600

Please Reply to Rye

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

August 30, 2007

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re:   Corstar Communications, LLC v. Corstar Business Computing Co., Inc. and John F. Sitar
      Docket No.: 07 Civ 4101

Dear Judge Karas:

This firm is counsel to Defendants in connection with the above-referenced matter. This letter serves to respectfully request a pre-motion conference to permit Defendants to amend their Answer to add four affirmative defenses. Accordingly, the basis for the anticipated motion is for permission to amend Defendants' pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

By way of background, Plaintiff filed the Complaint on May 25, 2007 and Defendants filed their Answer on June 27. The case was referred to Magistrate Judge Mark D. Fox. A Conference was held on July 18, wherein the parties were ordered to exchange initial disclosure pursuant to Rule 26(a) on or before August 2nd and were required to serve their respective first discovery requests on or before August 23rd. The foregoing exchange has been completed and the parties each timely served their first request for discovery. The respective responses to the requests currently remain outstanding. Plaintiff's claims in its Complaint derive from several agreements, including a Line of Credit Loan and Security Agreement (the "LOC"). All of Defendants' proposed affirmative defenses contend that a conversion of loan to stock provision in the LOC is neither enforceable nor exercisable. More particularly, Defendants' proposed amended Answer seeks to add the following affirmative defenses:

BONNIST & CUTRO, LLP

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

51. Plaintiff failed to make any loan advances pursuant to the terms of the LOC.

52. Defendants never requested any loan advances pursuant to the terms of the LOC.

53. Having failed to neither receive a request nor make any loan advances under the LOC, Plaintiff had no right to exercise the conversion option in the LOC.

54. By virtue of the foregoing, Defendant's alleged exercise of the conversion option in the LOC is unenforceable and a legal nullity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

55. In conjunction with the LOC agreement, Plaintiff had agreed not to exercise the conversion option unless it was in connection with the defense of an action by a creditor to attack Defendant Corstar's assets.

56. The foregoing representation was made by Plaintiff as a material inducement for Defendant Corstar to enter into the LOC.

57. At the time of the representation, Plaintiff knew that the foregoing representation was false and would be relied upon by Defendant Corstar as an inducement to enter into the Agreement.

58. Defendant Corstar relied upon such misrepresentation to its detriment.

59. Plaintiff violated the representation and attempted to exercise the conversion option for Plaintiff's own benefit.

60. Based on the foregoing, the LOC was procured through fraud and is accordingly voidable by reason thereof.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

61. The conversion option under the LOC was exercised during a period in which an automatic bankruptcy stay was applicable to John S. Sitar under Federal Bankruptcy Law.

62. Accordingly, the conversion notice, having been allegedly sent during the period of the automatic bankruptcy stay applicable to Mr. Sitar is unenforceable by reason of its having been in violation of the automatic bankruptcy stay provisions of the Federal Bankruptcy Law and is therefore an illegality.

## AS AND FOR AN ELEVENTH DEFENSE

63. Plaintiff's claims under the LOC are barred by its breach of the terms of the LOC.

All of the above defenses arguably are either avoidance or required affirmative defenses pursuant to Rule 8(c)(1). At this early stage of the case, there has been no undue delay, bad faith or dilatory motive on the part of the Defendants, there does not exist any repeated amendments to cure deficiencies by amendments previously allowed since this represents the first request for such an amendment, and as demonstrated by the completion of only the initial exchange, there does not exist any undue prejudice to Plaintiff by virtue of the allowance of this amendment. Instructive on this issue of amending pursuant to Rule 15(a)(2) are two cases in this District, *Remee Products Corp. v. Sho-Me Power Electric Cooperative et al.*, 2002 WL 31323827 (S.D.N.Y. 2002) and *Hemmerick, et al., v. Chrysler Corporation, et al.*, 1989 WL 4493 (S.D.N.Y. 1989), both permitting amendments of pleadings consistent with the Rule.

At this early stage of litigation, there exists absolutely no basis for Plaintiff to deny consenting to said amendment, nevertheless, Plaintiff has refused to do so, thereby necessitating this request for leave of Court. Accordingly, the Defendants respectfully request this Court's consent to move to amend their Answer.

Very truly yours,

Craig M. Bonnist

CMB/lgs

cc: John Corrigan, Esq.
    Corrigan & Baker, LLC
    1311 Mamaroneck Avenue, Suite 215
    White Plains, New York 10605

*The Court will hold a pre-motion conference on October 5, 2007, at 10:00 AM*

SO ORDERED

KENNETH M. KARAS U.S.D.J.

9/7/07