# B & C

**BONNIST & CUTRO, LLP**  ATTORNEYS AT LAW
800 Westchester Avenue • Suite S-332 • Rye Brook, New York 10573 • T/ 914-921-4820 • F/ 914-921-4823

November 1, 2007

Magistrate Judge Mark D. Fox
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    Corstar Communications, LLC v. Corstar Business Computing Co., Inc. and
             John F. Sitar Docket No.: 07 Civ 4101 (WP4) (MDF)

Dear Judge Fox:

    Pursuant to your directive at our most recent court conference, on behalf of Defendants I enclose a copy of the responsive tax returns for Defendant John F. Sitar in both redacted and unredacted forms. By copy of this letter, I am forwarding the redacted version to Plaintiff's counsel. Secondly, this letter serves, pursuant to this Court's Standing Order, to advise the Court of a discovery issue that has arisen in connection with Defendants' second request for discovery upon Plaintiff. I enclose Plaintiff's response to the request. Notably, no responsive documents have been produced, but rather we are in receipt of a series of objections. Initially Plaintiff objects on the grounds that the second request violates this Court's discovery order, as defined by Plaintiff, which requires that document demands be exchanged no later than August 23. Plaintiff mistakenly characterizes this initial exchange as the only permissible exchange. Defendants served its initial discovery request in compliance with this Court's order and essentially received no responsive documents. Plaintiff next served its second request for discovery in compliance with this Court's order that all discovery be concluded by January 31, 2008. Accordingly, Defendants' service of a second request for documents does not violate any discovery order. Moreover, further consider that most of the documents requested are actually the property of Defendant Company, being withheld or concealed by Plaintiff.

Plaintiff next argues that the document request in its entirety is in bad faith because it is duplicative of some of the requests made by separate counsel in the State Court Action. Plaintiff, however, chose to bring this action in a separate Federal Court Action and any resulting duplication of litigation is not by Defendants choice but rather by Plaintiff having chosen the forum for this action. Further, any ruling in the State Court Action regarding the discovery of documents has no bearing on this action, a separate action by choice of Plaintiff, not Defendants, and an action in which Defendants are represented by separate counsel.

Plaintiff's third argument is that disclosure is requested of certain non-parties. However, disclosure is sought from Plaintiff in this action which has certain related companies, successor companies and predecessor companies. Indeed, the very Letter of Credit agreement at issue in this case is not between Plaintiff corporation and Defendant Corstar, but between Netstar Technologies, LLC and Defendant Corstar Business Computing Co., Inc. Now Plaintiff contends that documents of Netstar are not discoverable in this action, despite pleading a cause of action seeking remedies based upon Plaintiff's "relationship" with Netstar. Defendants only seek discovery of documents within Plaintiff's possession, which production should not be avoidable through the use of different corporate names.

Plaintiff next provides specific objections to each and every request made by Defendants which cannot be individually addressed due to the Court's two-page limitation. In short, the objections on relevancy grounds are inappropriate, given that all requests seek information which supports Defendants' affirmative defenses relative to the enforceability of the Asset Purchase and Letter of Credit agreements.

Very truly yours,

Craig M. Bonnist

CMB/lgs
cc: John Corrigan, Esq.(w/enclosures)
    Corrigan & Baker, LLC
    1311 Mamaroneck Avenue, Suite 215
    White Plains, New York 10605