# B&C
## BONNIST & CUTRO, LLP

ATTORNEYS AT LAW

800 Westchester Avenue • Suite S-332 • Rye Brook, New York 10573 • Telephone 914-921-4820 • Facsimile 914-921-4823

November 2, 2007

Magistrate Judge Mark D. Fox
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   Re: Corstar Communications, LLC v. Corstar Business Computing Co., Inc. and
     <u>John F. Sitar Docket No.: 07 Civ 4101 (WP4) (MDF)</u>

Dear Judge Fox:

  As you know, this firm is counsel to Defendants in connection with the above referenced matter. We are in receipt of two letters, both dated October 29, forwarded to you from Plaintiff's counsel, purportedly bringing discovery disputes to your attention. Please accept this letter as responsive to both letters. First, with respect to Plaintiff's raising of an apparent issue regarding its demand for all income tax returns of Defendant Corstar Business, this matter has been resolved as indicated in my October 23 letter to counsel (which counsel attached to his submission), wherein I state that we will provide the business tax returns for years 2004 through 2006. As acknowledged by the Plaintiff, the only reason for an objection was that some of Corstar's tax returns were within Plaintiff's possession and after discussion we understood that Defendants did maintain tax returns for years 2004 through 2006. Nevertheless, my client has informed me that he forwarded the tax returns to me on November 1 and, accordingly, I will forward same to Plaintiff's counsel immediately upon my receipt of the returns.

  Secondly, as also acknowledged by Plaintiff, a series of demands concern a consulting project with a New York law firm, which project was wholly subject to a client non-

BONNIST & CUTRO, LLP

disclosure agreement. As I indicated to Plaintiff, our only issue in disclosing the requested information is our concern that it will violate the agreement with the client, Willkie Farr & Gallagher. Accordingly, as agreed, we provided all the contact information at Willkie Farr & Gallagher so that Plaintiff can obtain the client's permission or otherwise subpoena the client, for the information which is proprietary to the client. Accordingly, I am uncertain as to whether any dispute remains. Defendants simply cannot disclose information which is subject to a non-disclosure agreement and has provided all the information to enable Plaintiffs to either obtain that information from the client directly or obtain that client's permission to have us release the information subject to the non-disclosure agreement.

Accordingly, based on the foregoing, I am uncertain as to whether there exist any actual disputes raised by Plaintiff's letter and, if so, we are certainly amenable to any resolution which provides those documents and does not require Defendants to violate an agreement with a former client.

Thank you for your courtesies.

Very truly yours,

Craig M. Bonnist

CMB/lgs
cc: John Corrigan, Esq.
    Corrigan & Baker, LLC
    1311 Mamaroneck Avenue, Suite 215
    White Plains, New York 10605