# B&C
## BONNIST & CUTRO, LLP

ATTORNEYS AT LAW

800 Westchester Avenue • Suite S-332 • Rye Brook, New York 10573 • Telephone 914-921-4820 • Facsimile 914-921-4823

November 5, 2007

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Corstar Communications, LLC v. Corstar Business Computing Co., Inc. and John F. Sitar
      Docket No.: 07 Civ 4101

Dear Judge Karas:

    As you know, this firm is counsel to defendants in connection with the above-referenced matter. This letter is being sent to you pursuant to your directive that we set forth our respective positions with regard to amending the pleadings and that we provide you with information regarding the status of this matter.

    By way of background, on August 30, 2007, defendants asserted their position in the annexed letter regarding their request to amend their answer to add very specific affirmative defenses which relate to facts discovered through the initial discovery in this matter. In response thereto, it appeared that the only reason that plaintiff had for denying said request was that plaintiff mistakenly believed that Rule 8(c) somehow precluded the requested amendment. While plaintiff appeared to understand this misplaced argument during our court conference, plaintiff's counsel at that time asked that as a condition for stipulating to permitting defendants' proposed amendment, that defendants similarly stipulate to permit plaintiff to amend its pleading, purportedly to add individual plaintiffs to the action and to add claims against defendants for unjust enrichment. While it is not my intention to cause unnecessary motion practice, defendants simply cannot agree to an amendment that would serve only to add unrelated claims which are more appropriate for Family Court. More particularly, it is undisputed that monies were advanced to the defendant Corstar Business Computing Co. Inc. through personal checks from Steven and Kristen Sitar, currently non-parties to this litigation. To add personal claims for the return of monies sent from a son and daughter-in-law to a father's corporation, which father had previously forwarded in excess of those monies to his son and daughter-in-law, is not appropriate to this litigation. Accordingly, to permit an amendment of the pleadings will necessarily result in claims and counterclaims between father and son

**BONNIST & CUTRO, LLP**

regarding exchange of monies between father and son, which should more appropriately be asserted in a separate action, if at all. Indeed, plaintiff in this matter has chosen to litigate in this separate action in Federal Court, rather than pursue its claims and counterclaims in the State Court proceeding involving the very letter of credit agreement in issue in this matter.

Based on the foregoing, defendants respectfully request that this Court permit defendants' amended pleading as previously communicated in the annexed letter brief and subsequently argued in court, and either require that plaintiff set forth its argument to amend its pleading in a similar manner, or deny plaintiff's request to amend its complaint to add parties and unjust enrichment claims.

This Court also asked that we provide a statement of the status of this matter. Pursuant to this Court's request, this matter was referred to Magistrate Judge Fox for purposes of a settlement conference. The settlement conference did not result in a final disposition of this matter; however, the parties have agreed to continue its discussions, recognizing the difficulty in settling an extremely contentious matter. In the meantime, discovery has continued. As of this time, the parties have completed the Rule 26(a) exchange and requests for its initial disclosure in a timely manner. However, because plaintiff did not provide responsive documents to defendants' initial request, rather than engage in motion practice, defendants served a supplemental second document request setting forth more particular requests and have most recently received a response thereto, essentially providing no responsive documents, but rather all objections. Accordingly, as required by this Court's Standing Order, defendants have sought to resolve those issues with counsel, but have not been successful in so doing, perhaps partly because counsel has been unavailable due to an illness. Accordingly, we are required by Standing Order to proceed by letter to Magistrate Judge Fox to resolve discovery issues and have done so in a timely manner. As of this time, it appears that we will be engaged in discovery in the short term and that defendants anticipate moving for dismissal at the conclusion thereof.

We understand this matter is scheduled for conference on Friday, November 9, 2007 at 12:00 p.m.

Very truly yours,

Craig M. Bonnist

CMB/lgs
enclosure
cc:
Gregory M. Baker, Esq. (via facsimile and regular mail)
Corrigan & Baker, LLC
1311 Mamaroneck Avenue, Suite 215
White Plains, New York 10605

# BONNIST & CUTRO, LLP
*ATTORNEYS AT LAW*

**Craig M. Bonnist***
**James J. Cutro***

Of Counsel:
Amanda M. Fugazy+
Michael T. Shilinski+

\* Admitted in NY & NJ
+ Admitted in NY

31 Purchase Street, Suite 3-1
Rye, New York 10580
Tel  (914) 921-4820
Fax (914) 921-4823
e-mail:cbonnist@bcfirm.com

New York City

444 Madison Avenue, Suite 805
New York, NY 10022
(212) 750-5233

New Jersey

1199 Route 22 East, Suite 304
Mountainside, NJ 07092
(908) 408-5600

Please Reply to Rye

August 30, 2007

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Corstar Communications, LLC v. Corstar Business Computing Co., Inc. and John F. Sitar
       Docket No.: 07 Civ 4101

Dear Judge Karas:

This firm is counsel to Defendants in connection with the above-referenced matter. This letter serves to respectfully request a pre-motion conference to permit Defendants to amend their Answer to add four affirmative defenses. Accordingly, the basis for the anticipated motion is for permission to amend Defendants' pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

By way of background, Plaintiff filed the Complaint on May 25, 2007 and Defendants filed their Answer on June 27. The case was referred to Magistrate Judge Mark D. Fox. A Conference was held on July 18, wherein the parties were ordered to exchange initial disclosure pursuant to Rule 26(a) on or before August 2nd and were required to serve their respective first discovery requests on or before August 23rd. The foregoing exchange has been completed and the parties each timely served their first request for discovery. The respective responses to the requests currently remain outstanding. Plaintiff's claims in its Complaint derive from several agreements, including a Line of Credit Loan and Security Agreement (the "LOC"). All of Defendants' proposed affirmative defenses contend that a conversion of loan to stock provision in the LOC is neither enforceable nor exercisable. More particularly, Defendants' proposed amended Answer seeks to add the following affirmative defenses:

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

51. Plaintiff failed to make any loan advances pursuant to the terms of the LOC.

52. Defendants never requested any loan advances pursuant to the terms of the LOC.

53. Having failed to neither receive a request nor make any loan advances under the LOC, Plaintiff had no right to exercise the conversion option in the LOC.

54. By virtue of the foregoing, Defendant's alleged exercise of the conversion option in the LOC is unenforceable and a legal nullity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

55. In conjunction with the LOC agreement, Plaintiff had agreed not to exercise the conversion option unless it was in connection with the defense of an action by a creditor to attack Defendant Corstar's assets.

56. The foregoing representation was made by Plaintiff as a material inducement for Defendant Corstar to enter into the LOC.

57. At the time of the representation, Plaintiff knew that the foregoing representation was false and would be relied upon by Defendant Corstar as an inducement to enter into the Agreement.

58. Defendant Corstar relied upon such misrepresentation to its detriment.

59. Plaintiff violated the representation and attempted to exercise the conversion option for Plaintiff's own benefit.

60. Based on the foregoing, the LOC was procured through fraud and is accordingly voidable by reason thereof.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

61. The conversion option under the LOC was exercised during a period in which an automatic bankruptcy stay was applicable to John S. Sitar under Federal Bankruptcy Law.

62. Accordingly, the conversion notice, having been allegedly sent during the period of the automatic bankruptcy stay applicable to Mr. Sitar is unenforceable by reason of its having been in violation of the automatic bankruptcy stay provisions of the Federal Bankruptcy Law and is therefore an illegality.

BONNIST & CUTRO, LLP

## AS AND FOR AN ELEVENTH DEFENSE

63. Plaintiff's claims under the LOC are barred by its breach of the terms of the LOC.

All of the above defenses arguably are either avoidance or required affirmative defenses pursuant to Rule 8(c)(1). At this early stage of the case, there has been no undue delay, bad faith or dilatory motive on the part of the Defendants, there does not exist any repeated amendments to cure deficiencies by amendments previously allowed since this represents the first request for such an amendment, and as demonstrated by the completion of only the initial exchange, there does not exist any undue prejudice to Plaintiff by virtue of the allowance of this amendment. Instructive on this issue of amending pursuant to Rule 15(a)(2) are two cases in this District, *Remee Products Corp. v. Sho-Me Power Electric Cooperative et al.*, 2002 WL 31323827 (S.D.N.Y. 2002) and *Hemmerick, et al., v. Chrysler Corporation, et al.*, 1989 WL 4493 (S.D.N.Y. 1989), both permitting amendments of pleadings consistent with the Rule.

At this early stage of litigation, there exists absolutely no basis for Plaintiff to deny consenting to said amendment, nevertheless, Plaintiff has refused to do so, thereby necessitating this request for leave of Court. Accordingly, the Defendants respectfully request this Court's consent to move to amend their Answer.

Very truly yours,

*[signature]*

Craig M. Bonnist

CMB/lgs

cc: John Corrigan, Esq.
  Corrigan & Baker, LLC
  1311 Mamaroneck Avenue, Suite 215
  White Plains, New York 10605