BONNIST & CUTRO, LLP
800 Westchester Avenue, Suite S332
Rye Brook, New York 10573
Tel: (914) 921-4820
*Attorneys for Defendants,*
*Corstar Business Computing Co., Inc.*
*and John F. Sitar*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CORSTAR COMMUNICATIONS, LLC,
STEVEN SITAR and KRISTEN SITAR,

       Plaintiffs,                      Case No.: 07 CV 4101 (KMK) (MDF)

   -against-                      **AMENDED ANSWER WITH**
                                                  **COUNTERCLAIMS**

CORSTAR BUSINESS COMPUTING CO., INC
and JOHN F. SITAR,

       Defendants.
-----------------------------------------------------------X

      Defendants Corstar Business Computing Co., Inc. ("Corstar Business") and John F. Sitar ("Sitar"), through their attorneys, Bonnist & Cutro, LLP, as and for their First Amended Answer with Counerclaims to the Amended Complaint ("Complaint") of Plaintiffs Corstar Communications, LLC ("Corstar Communications"), Steven Sitar and Kristen Sitar, hereby state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 the Complaint, except denies the allegations that there were any business transactions between Plaintiffs Steven Sitar and Kristen Sitar and Defendants.

2. Deny each and every allegation contained in paragraph 2 of the Complaint.

3. Admit the allegations contained in paragraphs 3, 4 and 5 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding jurisdiction and venue and respectfully refer all issues of law to this Court for determination.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6, 7, 8, 9, 10, 11 and 12 of the Complaint.

5. Admit the allegations contained in paragraphs 13, 14, 15, 16, 17 and 18 of the Complaint.

## ANSWERING COUNT ONE

6. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 18 of the Complaint as same are realleged in paragraph 19 of the Complaint.

7. Deny each and every allegation contained in paragraph 20 of the Complaint except admit that in May 2002 a settlement was reached between Defendant Corstar and its major creditors.

8. Deny knowledge of information sufficient to form a belief as to the truth or the allegations contained in paragraph 21 of the Complaint, except admit the existence of the referenced agreement and refer this Court to the Exhibit for a more accurate and complete statement of its content.

9. Deny each and every allegation contained in paragraph 22 of the Complaint.

10. Deny each and every allegation contained in paragraph 23 of the Complaint except admit that Netstar Technologies, LLC was granted an option to convert pursuant to specified conditions.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

12. Deny each and every allegation contained in paragraph 25 of the Complaint except admit that Netstar Technologies, LLC, upon certain conditions, was entitled to acquire shares by conversion under Article VII of the LOC by calculating the total amount of the advances as a percentage of the issued and outstanding shares of Defendant Corstar Business.

13. Deny each and every allegation contained in paragraphs 26, 27, 28 and 29 of the Complaint.

14. Deny each and every allegation contained in paragraph 30 of the Complaint except admit that Defendant Corstar Business, as seller, and Plaintiff, Corstar Communications, as purchaser, entered into the APA under conditions which render the agreement voidable.

15. Deny each and every allegation contained in paragraph 31 of the Complaint.

16. Admit the allegations contained in paragraphs 32, 33, 34 and 35 of the Complaint.

17. Deny each and every allegation contained in paragraphs 36 and 37 of the Complaint.

18. Admit the allegations contained in paragraph 38 of the Complaint.

19. Deny each and every allegation contained in paragraphs 39, 40, 41 and 42 of the Complaint.

## ANSWERING COUNT TWO

20. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 42 of the Complaint as same are realleged in paragraph 43 of the Complaint.

21. Deny each and every allegation contained in paragraph 44 of the Complaint.

22. Admit the allegations contained in paragraph 45 of the Complaint.

23. Deny each and every allegation contained in paragraph 46 of the Complaint.

24. Admit the allegations contained in paragraph 47 of the Complaint to the extent they constitute "shareholder distributions".

25. Deny each and every allegation contained in paragraphs 48, 49 and 50 of the Complaint.

## ANSWERING COUNT THREE

26. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 50 of the Complaint as same are realleged in paragraph 51 of the Complaint.

27. Deny each and every allegation contained in paragraph 52 of the Complaint.

## ANSWERING COUNT FOUR

28. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 52 of the Complaint as same are realleged in paragraph 53 of the Complaint.

29. Deny each and every allegation in paragraphs 54 and 55 of the Complaint.

## ANSWERING COUNT FIVE

30. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 55 of the Complaint as same are realleged in paragraph 56 of the Complaint.

31. Deny each and every allegation contained in paragraphs 57, 58, 59 and 60 of the Complaint.

## ANSWERING COUNT SIX

32. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 60 of the Complaint as same are realleged in paragraph 61 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and respectfully refer all issues of law to the Court for determination.

34. Deny each and every allegation contained in paragraphs 63, 64, 65, 66 and 67 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 68 and 69 of the Complaint.

36. Deny each and every allegation contained in paragraphs 70 and 71 of the Complaint.

## ANSWERING COUNT SEVEN

37. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 71 of the Complaint as same are realleged in paragraph 72 of the Complaint.

38. Admit the allegations contained in paragraph 73 of the Complaint insofar as they relate to the lender under the LOC and respectfully refer this Court to the referenced document for a more accurate and complete statement of its content.

39. Deny each and every allegation contained in paragraphs 74, 75 and 76 of the Complaint.

## ANSWERING COUNT EIGHT

40. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 76 of the Complaint as same are realleged in paragraph 77 of the Complaint.

41. Deny each and every allegation contained in paragraphs 78, 79, 80, 81 and 82 of the Complaint by reason of said agreement being voidable.

42. Deny each and every allegation contained in paragraphs 83 and 84 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint.

44. Deny each and every allegation contained in paragraphs 86, 87, 88, 89, 90, 91, 92, 93, 94 and 95 of the Complaint.

## ANSWERING COUNT NINE

45. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 95 of the Complaint as same are realleged in paragraph 96 of the Complaint.

46. Deny each and every allegation contained in paragraphs 97, 98, 99, 100 and 101 of the Complaint.

## ANSWERING COUNT TEN

47. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 101 of the Complaint as same are realleged in paragraph 102 of the Complaint.

48. Admit the allegations contained in paragraphs 103 and 104 of the Complaint and respectfully refer this Court to the referenced document for a more accurate and complete statement of its content.

49. Admit the allegations contained in paragraphs 105 of the Complaint.

50. Deny each and every allegation contained in paragraph 106 of the Complaint except admit that Corstar Communications has paid some of the Other Compensation.

51. Deny each and every allegation contained in paragraphs 107, 108, 109, 110 and 111 of the Complaint.

## ANSWERING COUNT ELEVEN

52. Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 111 of the Complaint as same are realleged in paragraph 112 of the Complaint.

53. Deny each and every allegation contained in paragraph 113 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54. This Court lacks jurisdiction over the subject matter of this action by reason of there not being diversity of citizenship as alleged.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55. Plaintiffs fail to state a cause of action upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56. Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58. Plaintiff Corstar Communications' claims are barred by reason of its commission of fraud in connection with the APA.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59. The APA is voidable by reason of unilateral mistake.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60. Defendants owe no fiduciary duty to Plaintiff Corstar Communications.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

61. Plaintiff Corstar Communications' claims are barred by its breach of the APA agreement.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

62. Plaintiffs failed to make any loan advances pursuant to the terms of the LOC.

63. Defendants never requested any loan advances pursuant to the terms of the LOC.

64. Having failed to neither receive a request nor make any loan advances under the LOC, Plaintiffs had no right to exercise the conversion option in the LOC.

65. By virtue of the foregoing, Plaintiffs' alleged exercise of the conversion option in the LOC is unenforceable and a legal nullity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

66. In conjunction with the LOC agreement, Plaintiff Corstar Communications (alleged as formerly Netstar Technologies, LLC) had agreed not to exercise the conversion option unless it was in connection with the defense of an action by a creditor to attack Defendant Corstar Business' assets.

67. The foregoing representation was made by Plaintiff as a material inducement for Defendant Corstar Business to enter into the LOC.

68. At the time of the representation, Plaintiff Corstar Communications knew that the foregoing representation was false and would be relied upon by Defendant Corstar Business as an inducement to enter into the Agreement.

69. Defendant Corstar Business relied upon such misrepresentation to its detriment.

70. Plaintiff Corstar Communications violated the representation and attempted to exercise the conversion option for Plaintiff's own benefit.

71. Based on the foregoing, the LOC was procured through fraud and is accordingly voidable by reason thereof.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

72. The conversion option under the LOC was exercised during a period in which an automatic bankruptcy stay was applicable to John S. Sitar under Federal Bankruptcy Law.

73. Accordingly, the conversion notice, having been allegedly sent during the period of the automatic bankruptcy stay applicable to Mr. Sitar is unenforceable by reason of its having been in violation of the automatic bankruptcy stay provisions of the Federal Bankruptcy Law and is therefore an illegality.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

74. To the extent any monies were paid to Defendant Corstar Business pursuant to the LOC or otherwise, Defendants did not receive the benefit thereof by reason of Plaintiffs', Steven and Kristen Sitars', unauthorized receipt of said monies through fraud and/or salary increases.

### AS AND FOR AN TWELFTH AFFIMATIVE DEFENSE

75. Plaintiffs' claims under the LOC are barred by Plaintiffs' breach of the terms of the LOC and by Plaintiffs' failure to follow the required procedures under the LOC.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

76. Plaintiffs' claims are barred by the application of the statute of frauds insofar as no written agreement exists between Plaintiffs Steven and/or Kristen Sitar and Defendants.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

77. Plaintiffs' claims are subject to setoff.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

78. In the event the APA agreement is enforceable, then pursuant to same Plaintiff Corstar Communications has assumed all of the liabilities of Defendant Corstar Business.

### COUNTERCLAIMS

Defendants Corstar Business Computing Co., Inc. and John F. Sitar, through their attorneys Bonnist & Cutro, LLP, for their counterclaims against Plaintiffs Corstar Communications, LLC, Steven Sitar and Kristen Sitar, allege as follows:

### AS AND FOR A FIRST COUNTERCLAIM

1. In the event the APA is enforceable as alleged by Plaintiffs, then Plaintiff Corstar Communications breached its terms by failing to pay Defendant Corstar Business payments required thereunder, which payments were secured by a promissory note.

2. The APA provides in relevant part that the purchase price for the assets is $290,000. Said debt is evidenced by a promissory note, from Corstar Communications, guaranteed by Steven Sitar (the "Note") which is referenced as and annexed to Plaintiffs' Amended Complaint as Exhibit D.

3. Pursuant to the terms of said Note, Plaintiff Corstar Communications was required to pay a total amount of $290,000 in $5,000 monthly installments until the entire principal balance was paid in full.

4. The Note provides that in the event any payment is not made within ten days of the due date then the remaining principal balance shall become due with interest in the maximum amount provided by law.

5. The Note further provides that in the event of a breach of the terms of the Note, then attorneys' fees and costs of collections shall be added to the balance due thereunder.

6. Plaintiff Corstar Communications paid $195,000 in monthly installments pursuant to the Note.

7. Since on or about April 21, 2007, Plaintiff Corstar Communications has failed to make any further payments. Accordingly there remains due the principal amount of $95,000 pursuant to the terms of the Note.

8. Plaintiffs Corstar Communications and Steven Sitar have breached the terms of the Note and are liable to Defendant Corstar Business for the remaining principal amount of $95,000, plus attorneys' fees and other costs of collections and interest at the maximum amount provided by law.

## AS AND FOR A SECOND COUNTERCLAIM

9. Defendant John F. Sitar entered into a consulting agreement with Plaintiff Corstar Communications (the "Consulting Agreement"), which is referenced as and annexed to Plaintiffs' Amended Complaint as Exhibit E.

10. Payment under the Consulting Agreement was guaranteed by Steven Sitar.

11. Pursuant to the terms of the Consulting Agreement, Defendant John F. Sitar agreed to serve as a consultant to Plaintiff Corstar Communications.

12. John Sitar fulfilled his obligations pursuant to the Consulting Agreement.

13. Pursuant to the Consulting Agreement, Plaintiff Corstar Communications and Steven Sitar, as guarantor, agreed to pay to Defendant John F. Sitar an amount sufficient to provide family health and medical insurance coverage at a level provided to John Sitar when he was an employee of Corstar Business.  By virtue of the terms of the agreement, the obligation survived the termination of the agreement and continues until the last to die of John F. Sitar and/or his wife Ruby Sitar.

14. Plaintiff Corstar Communications and Steven Sitar have failed to remit payment for the family health and medical insurance coverage since on or about April 1, 2007.

15. At the time Plaintiffs ceased payment of the health and medical insurance coverage, the cost of coverage was $397 per month.

16. Based upon the foregoing, Plaintiffs have breached the terms of the consulting agreement and Defendant John F. Sitar has been damaged thereby in an amount to be determined at trial.

## AS AND FOR A THIRD COUNTERCLAIM

17. In and around 1988 and 2001, Defendant John F. Sitar tendered to Plaintiffs Steven and Kristen Sitar monies in the amounts of $46,000 and $135,000, respectively.

18. Said monies were forwarded by Defendant John F. Sitar to Plaintiffs Steven and Kristen Sitar with the expectation of repayment.

19. Steven and Kristen Sitar accepted and received the benefits of said monies and began repayment of same through occasional payments totaling approximately $8,000.

20. Steven and Kristen Sitar failed to repay the entire amount of the debt to John Sitar.

21. Accordingly, based upon the foregoing, there remains due and owing to Defendant John Sitar the balance of $173,000.

22. By virtue of the foregoing, Plaintiffs Steven and Kristen Sitar have been unjustly enriched at the detriment of Defendant John F. Sitar.

23. Based upon the foregoing, Defendant John F. Sitar has been damaged in the principal amount of $173,000.

## AS AND FOR A FOURTH COUNTERCLAIM

24. In the event that the Asset Purchase Agreement is unenforceable, then Plaintiffs have been exercising dominion and control over the assets of Corstar Business thereby converting its assets.

25. Plaintiffs have profited from their unauthorized exercise of dominion and control over the assets of Corstar Business.

26. Plaintiffs have distributed profits from the use of Corstar Business' assets to third party entities and/or accounts other than Corstar Business.

26. Based upon the foregoing, Plaintiffs have converted the assets of Defendant Corstar Business.

27. Plaintiff's unlawful conversion of said assets included failing to disclose information required for Defendant Corstar Business to properly prepare its tax return, which could result in additional liability to Defendant Corstar Business for which Plaintiffs are liable.

28. Defendant Corstar Business has been damaged as a result thereof in an amount to be determined at trial.